IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 29, 2025
LAURA A. AUSTIN, CLERK
BY: **/s/ S. Wray**
DEPUTY CLERK

| | | |
|---|---|---|
| SIMONE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action  No.  7:25CV00512 |
| | ) | |
| ASHLEY E. SWEET, | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| BRIAN HOLOHAN, | ) | |
| | ) | |
| JOSHUA PAUL BECKNER, | ) | |
| | ) | |
| JOHN DOE 1 | ) | |
| AKA OFFICER J. BECKNER | ) | |
| | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| JOHN DOE 3, | ) | |
| | ) | |
| JOHN DOE 4, | ) | |
| | ) | |
| JOHN DOE 5, | ) | |
| | ) | |
| JOHN DOE 6, | ) | |
| | ) | |
| JOHN DOE 7, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>COMPLAINT</u>

Plaintiff Simone Stewart ("Mrs. Stewart"), by counsel, respectfully represents unto the

Court as follows:

## *Jurisdiction and Venue*

1. This is a civil action brought under 42 U.S.C. §§ 1983, 1988 and the Fourth and

Fourteenth Amendments to the Constitution of the United States, and under the common law of

1

the Commonwealth of Virginia. Plaintiff is seeking monetary damages (compensatory & punitive) against the defendants, in their individual capacities, for actions taken under color of state law which violated the plaintiff's constitutional and common law rights, including but not limited to her unlawful arrest, false imprisonment and malicious prosecution.

2. Jurisdiction over Counst I & III below is proper pursuant to 28 U.S.C. § 1331 and 1343(a), and supplemental jurisdiction of Counts II and IV below is appropriate under 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

*Parties*

3. Mrs. Simone is an adult female who, at the time of the events described below, resided in the Western District of Virginia.

4. Defendant Ashley E. Sweet is an adult individual, who during all relevant times, was employed by the Roanoke County Commonwealth Attorney's Office and/or the Commonwealth of Virginia.  All of Defendant Ms. Sweet's actions or inactions were taken under color of state law.  She is sued in her individual capacity.

5. Defendant Brian Holohan is an adult individual, who during all relevant times, was employed by the Roanoke County Commonwealth Attorney's Office and/or the Commonwealth of Virginia. All of Defendant Mr. Holohan's actions or inactions were taken under color of state law.  He is sued in his individual capacity. At the time of the events described herein, Mr. Holohan was and remains the Commonwealth Attorney vested for overseeing all prosecutions, including the malicious prosecution of Ms. Stewart.

6. Defendant Joshua Paul Beckner is an adult individual, who during all relevant times,

2

was employed by the Roanoke County Police Department and/or Sheriff's' Office and/or the Commonwealth of Virginia.  All of Defendant his actions or inactions were taken under color of state law. He is sued in his individual capacity.

7.    Defendant John Doe 1 aka Officer J. Beckner is an adult individual, who during all relevant times was employed by the Roanoke County Police Department and/or Sheriff's' Office and/or the Commonwealth of Virginia.  All of Defendant's actions or inactions were taken under color of state law. He is sued in his individual capacity.

8.    Defendant John Doe 2 is an adult individual, who during all relevant times, was employed by the Roanoke County Commonwealth Attorney's Office and/or the Commonwealth of Virginia. All of Defendant John Doe 2's actions or inactions were taken under color of state law.  He is sued in his individual capacity.

9.    Defendant John Doe 3 is an adult individual, who during all relevant times, was employed by the Roanoke County Commonwealth Attorney's Office and/or the Commonwealth of Virginia. All of Defendant John Doe 3's actions or inactions were taken under color of state law.  He is sued in his individual capacity.

10. Defendant John Doe 4 is an adult individual, who during all relevant times, was employed by the Roanoke County Commonwealth Attorney's Office and/or the Commonwealth of Virginia. All of Defendant John Doe 4's actions or inactions were taken under color of state law.  He is sued in his individual capacity.

11. Defendant John Doe 5 is adult individual, who during all relevant times was employed by the Roanoke County Police Department and/or Sheriff's' Office and/or the Commonwealth of Virginia.  All of Defendant John Doe 5's actions or inactions were taken under color of state law.  He is sued in his individual capacity.

12. Defendant John Doe 6 is adult individual, who during all relevant times was employed by the Roanoke County Police Department and/or Sheriff's' Office and/or the Commonwealth of Virginia. All of Defendant John Doe 6's actions or inactions were taken under color of state law. He is sued in his individual capacity.

13. Defendant John Doe 7 is adult individual, who during all relevant times was employed by the Roanoke County Police Department and/or Sheriff's' Office and/or the Commonwealth of Virginia. All of Defendant John Doe 7's actions or inactions were taken under color of state law. He is sued in his individual capacity.

14. John Does 1-7 are collectively referred to as "the unknown defendants".

*Facts*

15. In December 2023, Mrs. Stewart sought and was granted a protective order against her husband.

16. Under the 2023 protective order issued, her husband, Cedric Stewart (the respondent under the protective order) was prohibited from being around the plaintiff (the petitioner under the protective order). There was no prohibition or limitations imposed on Mrs. Stewart.

17. The plaintiff and her husband later reconciled and were not aware that the order remained in effect. In fact, after the events in this case, the protective order was ultimately dissolved/revoked.

18. There can be no dispute that the protective order was for Mrs. Stewart's sole benefit and that it had absolutely no prohibition regarding her conduct.

19. On or about March 24, 2024, the plaintiff and her husband were pulled over.

20. The protective order was discovered by the officers on site, and Mr. Stewart was

4

ultimately arrested and charged with misdemeanor violations of the protective order. (See Roanoke County General District Court Records GC24005751-00 & GC24005750-00).

 a. As the protective order prohibited him from doing such things, these charges were appropriate and lawful.

 b. Ms. Stewart was of course not charged with any crime at that, as it is not a crime for her to be near her husband.

21. For the protective order-related charges against Mr. Stweart, one was Nolle Prosequi, and the other Mr. Stewart was found guilty.

22. The resolution of Mr. Stewart's charges should have concluded this matter, but the defendants decided to engage in unlawful conduct to target Mrs. Stewart.

23. Mrs. Stewart contacted Roanoke County to complain about the arresting officers (the officers who arrested her husband) during the encounter in March 2024, during which she believed the officers were unnecessarily rough and rude.

24. The complaint was fully appropriate and permitted. As a citizen, Mrs. Stewart had a right to raise her concerns, without fear of retribution or retaliation.

25. Ultimately, the County and its departments performed an investigation and ultimately determined that the officers acted appropriately during that encounter and arrest of Mr. Stewart.

26. After the complaints were lodged and the investigation into the arresting officers conduct in March 2024 was concluded, in clear and obvious retaliation, the defendants colluded/conspired and inexplicably decided to charge Mrs. Stewart with a felony for the same events that her husband had been charged.

27. The alleged crime (which does not exist under Virginia law) was for alleged violation

of the protective order under which she was the petitioner and the protected person. There is no possible crime that Mrs. Stewart could have committed as it pertains to violations of the protective order at issue and the applicable Virginia Code.

28. In order to move forward with this malicious prosecution, the officers and County Attorney's office/defendants worked in tangent to unlawfully conspire to pursue a direct indictment for felony charges, for a crime that doesn't exist. This is particularly concerning as it was done:

    a.  With full knowledge that her husband (the respondent under the protective order) was only charged with misdemeanor.

    b.  With full knowledge, that a petitioner cannot be charged with alleged violation of the protective order it sought and that is deigned to protect her.

        i.  All the people involved knew this. The Defendants wanted to punish Mrs. Stewart and did not care that it meant filing charges against her for things they know are not crimes.

    c.  To avoid a preliminary hearing, where any judge would have rejected this utterly inappropriate, retaliatory and malicious prosecution.

    d.  Coordinated to have Mrs. Stewart arrested and seized.

    e.  Moved forward with trial and refused to stop their unlawful and coordinated conduct.

29. On or about June 7, 2024, defendant Officer J. Beckner and other defendants sought a direct indictment for actions which they knew could not be a crime. It is not clear which other defendants were involved, but the "indictment is found on the evidence of Officer J. Beckner." *See* Indictment No. CR 23-484.

6

30. The improper and unlawful prosecution concluded on July 30, 2024, via a Dismissal Order entered by Judge Charles N. Dorsey in the Roanoke Circuit Court.

31. The trial occurred on July 29, 2024 (and concluded via the July 30, 2024, order). The Order makes clear that the conclusion of the Commonwealth's evidence, the charges were dismissed.

32. Upon information and belief, the trial Court admonished the County/commonwealth and its counsel, acknowledging that the law does not provide any mechanism/legal claim of any kind to charge the petitioner with an alleged violation of a protective order under which she is the protected party.

33. This was not some novel legal theory, but rather an absolute malicious and inappropriate prosecution, which all parties knew.

34. The charges, arrest and continued harassment was done because Ms. Stewart dared to exercise her free speech rights to complain about officer conduct.

35. The unknown defendants participated in all facets of improper conduct and will be identified via discovery.

36. As a result of the improper and malicious prosecution, Ms. Stewart suffered great harm including having to hire legal counsel, in addition to the great emotional, pain, fear, mental suffering and humiliation she was forced to ensure.

<u>Count I: 42 U.S.C. § 1983, Malicious Prosecution</u>

37. Paragraphs 1-36 are incorporated herein by reference and realleged.

38. As detailed herein, the defendants did not have probable cause for a crime, as they knew it is not possible to charge petitioner of a protective order with the alleged crime of violating a protective order under which she is the protected party.

7

39. Despite this, they arrested and seized Mrs. Stewart in violation of her rights.

40. At all times relevant to the occurrences described above, the defendants were acting within the scope of their employment as officers/employees of the Roanoke Commonwealth's attorney's office, Roanoke County, Roanoke County Police Department and/or the Commonwealth of Virginia, and therefore, under color of state law.

41. As a direct and proximate result of the defendants' unlawful conduct Mrs. Stewart has suffered injuries and damages, in an amount to be proven at trial. Ms. Stewart also requests punitive damages for the improper conduct engaged, along with award of attorney's fees as authorized by statute.

Count II:   Malicious Prosecution (State Claim)

42. Paragraphs 1-41 are incorporated herein by reference and realleged.

43. Under Virginia state law, malicious prosecution requires proof of four elements: "the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff." *Reilly v. Shepherd*, 273 Va. 728, 732, 643 S.E.2d 216, 218 (2007).

44. Here the prosecution was for claims that could not exist, and was done solely because Mrs. Stewart filed a complaint.  The retaliation and absurd nature of the alleged "crime" make the malice clear.

45. The malice is clear and obvious when noting that she was charged with a felony for actions that are not crimes, yet her husband was only charged with a misdemeanor.

46. The Defendants, including but not limited to Ms. Sweet, Officer Beckner participated in this malicious prosecution.

47. There is no probable cause, as a petitioner under a protective order cannot be charged

with a violation of a protective order under which she is the protected party.

48. There is no good faith basis under which the defendants can claim otherwise.

49. The prosecution ultimately ended with absolute victory for Mrs. Stewart.

50. As a direct result of the defendants deliberate and offensive actions, Mrs. Stewart has suffered injuries and damages, in an amount to be proven at trial. Mrs. Stewart also requests punitive damages for the improper conduct engaged.

Count III: Gross Negligence

51. Paragraphs 1-49 are incorporated herein by reference and realleged.

52. As officers of the law and civil servants, the defendants owed Mrs. Stewart, like all other citizens, a duty of care in the effectuation of their duties as officers/employees of the County and State.

53. The defendants owed Mrs. Stewart a duty to perform their duties in conformity with the standard of reasonably prudent officers and prosecutors acting under similar circumstances.

54. The Defendants conduct, as detailed herein, makes clear that they did not follow industry standards.

55. The Defendants knew or should have known that the pursuit of charges for actions that are not a crime in retaliation for filing a complaint is clear and obvious violation of their duties.

56. As a direct and proximate cause of the defendants' gross negligence the effectuation of their duties, Mrs. Stewart suffered physical and mental injuries and damages, in an amount to be proven at trial.

Count IV: False Imprisonment/False Arrest

57. Paragraphs 1-56 are incorporated herein by reference and realleged.

58. The defendants did not have any probable cause to arrest Mrs. Stewart, yet they chose to place her into custody, knowing that no crime had been committed.

59. The defendants restrained Mrs. Stewart's liberty without any legal justification or excuse.

60. As a direct result of the defendants deliberate and offensive actions, Mrs. Stewart suffered both physical and mental injuries and damages, in an amount to be proven at trial.

WHEREFORE, plaintiff Simone Stewart prays that this Court will grant her judgment against defendants Ashley E. Sweet, Brian Holohan, Joshua Paul Beckner, John Doe 1 aka Office J. Beckner, John Doe 2, John Doe 3, John Doe 4,  John Doe 5, John Doe 6,  John Doe 7 in their individual capacities, jointly and severally, for $2,000,000.00 in compensatory and punitive damages, with an additional award under 42 U.S.C. § 1988 for attorney's fees and any other litigation expenses, plus interest and all costs.

TRIAL BY JURY IS DEMANDED.

SIMONE STEWART

By _____Patrick C. Henry II /s/_____
Counsel

Patrick C. Henry II (VBS#80468)
Marrs & Henry
7202 Glen Forest Drive, Suite 307
Richmond, VA  23226
(804) 662-5715
(804) 662-5712 (fax)
phenry@marrs-henry.com